**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4384**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARC EDWIN APPLEWHITE,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00336-NCT-1)

Submitted:  November 24, 2008      Decided:  December 29, 2008

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryan Gates, Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Edwin Applewhite appeals the twenty-seven month sentence imposed following his guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2006) ("Count 7"), one count of possession of a forged security, in violation of 18 U.S.C. § 513(a) (2006) ("Count 9"), and the twenty-four month consecutive sentence imposed following his guilty plea to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006) ("Count 8"). Applewhite's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious grounds for appeal, but questioning the calculation of Applewhite's criminal history and the reasonableness of his sentence. Although advised of his right to do so, Applewhite has declined to file a pro se supplemental brief. Finding no reversible error, we affirm.

Applewhite first contends the district court erroneously ascribed two criminal history points for convictions he did not sustain. Because Applewhite did not raise this issue before the district court, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Applewhite provides no evidence suggesting the two challenged convictions were improperly counted, and there is no basis in the record on which to find the district court committed any error — let alone plain error — in calculating

2

Applewhite's criminal history. Accordingly, we reject this basis for appeal.

We further conclude Applewhite's sentence was reasonable. The Supreme Court has instructed that, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. We must then consider whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). We afford sentences that

3

fall within the properly calculated Guidelines range a presumption of reasonableness, see id., a presumption permitted by the Supreme Court. Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007).

The district court properly calculated Applewhite's sentencing range under the Guidelines[*] and invited counsel to make any relevant argument pursuant to the § 3553(a) sentencing factors. After hearing counsel's arguments, permitting Applewhite the opportunity to allocute, and considering the § 3553(a) factors, the court sentenced Applewhite to a total of fifty-one months' imprisonment, which is within the properly calculated Guidelines range. As our review of the record reveals no procedural or substantive defect in Applewhite's sentence, we conclude Applewhite cannot overcome the presumption of reasonableness that attaches to his sentence. See Rita, 127 S. Ct. at 2459, 2462.

---

[*] The district court calculated that Applewhite's total adjusted offense level for Counts 7 and 9 was fourteen, and that he had four criminal history points. U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(a)(1)(B), (b)(1)(F) (2007). Thus, with a category III criminal history, Applewhite's advisory Guidelines range on Counts 7 and 9 was twenty-one to twenty-seven months' imprisonment. USSG ch. 5, pt. A, sentencing table. Applewhite also faced a mandatory twenty-four month consecutive sentence on Count 8. 18 U.S.C. § 1028A(a)(1); USSG § 2B1.6(a).

Although not raised by counsel, we further note there was no infirmity in Applewhite's conviction. The district court fully complied with the requirements of Fed. R. Crim. P. 11 in conducting Applewhite's plea hearing. The district court advised Applewhite regarding his rights under federal law, the nature and elements of the charges to which he was pleading guilty, and the applicable statutory mandatory minimum, statutory maximum, and period of supervised release. The court also questioned Applewhite to ensure he was competent to plead guilty. Applewhite informed the court that, prior to signing the plea agreement, he had discussed it with his attorney, with whom he was satisfied. The district court further accepted the written factual basis of Applewhite's guilty plea. There simply was no Rule 11 error.

In accordance with Anders, we have reviewed the entirety of the record and found no meritorious issues. Accordingly, we affirm the district court's judgment. We further deny counsel's motion to withdraw from representation. We require that counsel inform Applewhite, in writing, of the right to petition the Supreme Court of the United States for further review. If Applewhite requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

5

a copy thereof was served on Applewhite.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED